FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2008 JAN 15 P 2: 41

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID ARRIGHI, individually and on behalf of his minor child, HUNTER ARRIGHI | |
| VERSUS | CIVIL ACTION |
| CELEBRATION STATION PROPERTIES, INC., CENTURY SURETY COMPANY, BILL BARBER, AND MARIEL ST. MARTIN | NO. 07-545-A |

## RULING ON MOTION TO REMAND

This matter is before the court on a motion to remand by plaintiff, David Arrighi, individually and on behalf of his minor child, Hunter Arrighi (doc. 6). Defendant, Celebration Station Properties, Inc., opposes the motion (doc. 9). Jurisdiction is at issue. There is no need for oral argument.

In July 6, 2007, plaintiff filed a personal injury suit in the Nineteenth Judicial District Court, Parish of East Baton Rouge, on behalf of himself and his minor son, Hunter, alleging that on July 6, 2006, Hunter was a patron at the Celebration Station amusement facility in Baton Rouge, Louisiana. While there, Hunter allegedly fell and impaled his hand on an uncovered valve or pipe stem that was part of the sprinkler system on the facility's golf course. The fall resulted in alleged injuries to his person, mental pain and suffering, loss of enjoyment of life, loss of earning capacity, past and future medical costs, permanent disability, and aggravation and

1

inconvenience. It is also alleged in the Notice of Removal that according to plaintiff's counsel, Hunter has lost total use of his thumb (doc. 1, ¶ 10). Damages alleged include past and future medical costs, aggravation and inconvenience, mental pain and suffering, and loss of consortium.

Named as defendants are Celebration Station itself, General Manager Bill Barber, Manager on duty Mariel St. Martin, and Century Surety Company, the alleged insurer of the three aforementioned defendants.

On August 2, 2007, Century Surety Company and Celebration Station removed the matter, asserting jurisdiction pursuant to 28 U.S.C. § 1332, and alleging that plaintiff is a citizen of Louisiana and that Century Surety Company was a corporate citizen of Ohio (doc. 1). The Notice also alleged that Bill Barber and Mariel St. Martin were improperly joined to defeat diversity, yet failed to allege the citizenship of either of these individuals. Also absent was a proper allegation of Celebration Station Properties, Inc.'s state of incorporation as well as any allegation of the minor child's citizenship.

On December 5, 2007, the removing defendants were ordered to amend their Notice to cure the defects (doc. 18). Defendants complied, alleging that both Barber and St. Martin are citizens of Louisiana, that Celebration Station is a corporate citizen of Indiana, and that the minor child is a citizen of Louisiana (doc. 19). There is a lack of complete diversity on the face of the pleadings.

The court also ordered plaintiff to provide additional facts establishing that he is the proper party plaintiff in this suit. Because he has yet to respond, the court will assume that David is the proper party and that defendants are confident that a potential judgment in their favor will be valid and enforceable.

## LAW AND DISCUSSION

Attached to defendant's opposition is the affidavit of Bill Barber wherein he avers that he was not employed by the Celebration Station in Baton Rouge at the time of the incident and that he has no knowledge thereof. Plaintiff has placed no facts in dispute to suggest otherwise. It is clear, therefore, that plaintiff is unable to establish a cause of action against Barber, one of the two non-diverse defendants.

In *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973), suit was filed against certain corporate employees and their insurer by the widow and children of a rigger employee who had been killed at work. The court was poised to determine when and under what circumstances an employee is liable to a third person when the third person's injuries result from the breach of a duty imposed by the employer upon the employee. The court fashioned the following criteria for imposing individual liability: (1) the employer owes a duty of care to the third person, breach of which has caused the damage for which recovery is sought; (2) the duty is delegated by the employer to the employee; (3) the employee has breached this duty through personal fault; and (4) the employee must have a personal duty

towards the injured plaintiff, breach of which specifically has caused plaintiff's damages.[1]

Plaintiff argues that St. Martin had a duty to maintain/manage the facility in a safe and reasonable manner and that she breached the duty owed to plaintiff and is personally and/or individually liable. Plaintiff argues further that "when [Celebration Station and Century Surety] selected [St. Martin] as the _____ of the park/facility," (doc. 7, p. 4), the defendants delegated to her the duty of care to operate the facility in a reasonable manner and avoid injuring patrons, and that she breached that duty through their own personal fault.

First, plaintiff has neglected to describe exactly what St. Martin was "selected" for, such that the duty was delegated to her. Second, plaintiff has failed to put forth facts establishing how St. Martin breached the supposed delegated duty.

Attached to defendants' opposition is the affidavit of Roger A. McKelvie, Director of Safety for Celebration Station. He avers that St. Martin was shift manager, but had no responsibility or input regarding the layout of the sprinkler system, nor did she have any personal responsibility for the maintenance of the

---

[1] *Canter* was decided when workers' compensation benefits were an employee's exclusive remedy against his employer for injuries sustained in the course and scope of the employee's employment. Since the exclusivity of the remedy concerned only the employer, *Canter* allowed an injured employee to recover outside of workers' compensation, in tort, from the employer's negligent executive officers and other third persons. Since *Canter*, La.R.S. 23:1032 was amended to subsume officers, co-employees, and the like within the exclusive remedy rule. However, La.R.S. 23:1032 concerns the rights of an employee. Plaintiff in this case is a third party alleging claims against employees and their employer. Because R.S. 23:1032 does not govern the rights of third parties, the statute's amendments do not overrule *Canter* insofar as it provided authority for an employee's personal liability to a third person.

system. Again, plaintiff has placed no facts in dispute to suggest otherwise and, therefore, has no possibility of establishing a cause of action against St. Martin.

Bill Barber and Mariel St. Martin were improperly joined in this action and will thus be ignored as parties.

## CONCLUSION

Accordingly, the motion to remand by plaintiff, David Arrighi, individually and on behalf of his minor child, Hunter Arrighi (doc. 6) is hereby **DENIED**.

Baton Rouge, Louisiana, January 15, 2008.

*[signature]*
JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA