**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DAVID ARRIGHI, individually and on behalf of his minor child, HUNTER ARRIGHI**

**VERSUS**

**CELEBRATION STATION PROPERTIES, INC., CENTURY SURETY COMPANY, BILL BARGER AND MARIEL ST. MARTIN**

**CIVIL ACTION**

**NUMBER 07-545-JVP-DLD**

### REPORT AND RECOMMENDATION

This matter is before the court on a supplemental motion for leave to file plaintiff's first supplemental and amending complaint (rec. doc. 41).  The motion is opposed.  The motion for leave to file first supplemental and amending complaint seeks to add a non-diverse defendant as a party to this action post-removal.  Thus, the Court addresses the issues of whether the amendment should be granted and, if granted, whether the case should be remanded under 28 U.S.C. §1447(e).

Background and Argument

On or about July 6, 2006, plaintiff's son, Hunter Arrighi, was participating in a game of miniature golf at Celebration Station amusement park when he fell and impaled his hand on an uncovered valve/pipe stem, which allegedly resulted in severe, permanent, and disabling injuries.  (rec. doc. 1).  Thereafter, plaintiff brought suit in state court against Celebration Station Properties, Inc., the owner of the amusement park facility; Century Surety Company, the insurer of the amusement park facility; Bill Barber, general manager of Celebration Station; and Mariel St. Martin, manager on duty at the time of the accident.  Defendant removed this matter based on diversity jurisdiction arguing that Barber and St. Martin were improperly joined and should be ignored for the purpose of determining diversity jurisdiction.  The Court agreed with defendants and denied plaintiff's motion to remand (rec. doc. 20).

Plaintiff's supplemental motion to file first supplemental and amending complaint seeks to add Corporate Green, LLC (Corporate Green) as a defendant to this matter.   In addition to other allegations, plaintiff seeks to add the following allegations against Corporate Green to his complaint:

10(a).
Upon information and belief, Corporate Green, LLC, was under contract with Celebration Station Properties, Inc., at all time relevant hereto, to maintain, repair, service, care for, inspect and/or otherwise responsible for the sprinkler system and landscaping at the Celebration Station amusement facility, owned by Celebration Station Properties, Inc., and located at 10111 Gwenadele Avenue, Baton Rouge, Louisiana.

10(b).
Petitioner alleges, upon information and belief, that a proximate cause of the accident described above, was the negligence, fault, strict liability and/or omissions of Corporate Green, LLC, in the following non-exclusive particulars, acts and/or omissions:

a. Failure to properly maintain the sprinkler/irrigation system at Celebration Station;
b. Failure to exercise reasonable care and diligence in the discovery of hazardous conditions in the landscape and sprinkler/irrigation system at the Celebration Station facility it was contracted to maintain;
c. Failure in general to take what measures could or should have been taken to ensure the safety of others and, in particular, the safety of Hunter Arrighi;
d. Failure to inspect the premises it was contracted to maintain for hazardous conditions, and in particular, the valve box where Hunter Arrighi injured himself;
e. Failure to repair and/or replace the cover to the valve box where Hunter Arrighi injured himself;
f. Failure to implement adequate safety procedures to remove dangerous conditions from the premises or to remedy them once discovered;
g. Failure to insure that the cover on the valves/pipe stem remained in place at all times and were properly secured after their work was completed;
h. Other acts of negligence, strict liability, fault and /or omissions which may be proven at trial."

(rec. doc. 41-4).

Plaintiff explains that he learned through discovery, specifically through an April 25, 2008, letter from defendants, that Corporate Green is the entity that is responsible for the maintenance of the sprinkler system on defendants' property and, therefore, is an

indispensable party necessary for this litigation.  Plaintiff argues that prior to this date, he had

no knowledge of any relationship between defendants and Corporate Green.  Plaintiff argues

that the supplemental and amending complaint should be allowed in light of the circumstances

surrounding the injury suffered by Hunter Arrighi and the defense of third party liability raised

in paragraph four of defendants' answer.

Defendants argue in opposition that removal jurisdiction is established at the time the

removal petition is filed and postremoval events cannot deprive the court of jurisdiction once

it has attached (rec. doc. 42).  Defendants claim that plaintiff seeks to add Corporate Green

(a Louisiana citizen) specifically to destroy diversity jurisdiction.

Applicable Law and Discussion

It is undisputed that Corporate Green is a citizen of Louisiana based on the citizenship

of its two members, and the addition of Corporate Green as a party defendant will destroy

diversity (rec. doc. 41).  Neither plaintiff nor defendants cited the correct law when analyzing

whether plaintiff should be allowed to amend his complaint to add Corporate Green as a party

defendant to this matter or whether the addition of Corporate Green would destroy diversity

jurisdiction and require the Court to remand this matter.

"If after removal the plaintiff seeks to join additional defendants whose joinder would

destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand

the action to the State court." *See* 28 U.S.C. §1447(e).  The Fifth Circuit in *Hensgens* stated

that "[t]he district court, when faced with an amended pleading naming a new nondiverse

defendant in a removed case, should scrutinize that amendment more closely than an ordinary

amendment."  *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th  Cir. 1987) *.* The district

court must balance the defendants' interests in maintaining its statutorily- granted choice of

the federal forum against the danger of generating parallel federal/state proceedings with the

associated dangers of inconsistent results and waste of judicial resources.  *Id.  Hensgens* further instructs that although the trial court has discretion to decide whether or not to allow the amendment, that discretion should be exercised only after consideration of the following factors: (1) the extent to which the requested amendment's purpose is to defeat diversity jurisdiction, (2) whether plaintiff has been dilatory in seeking amendment, (3) whether plaintiff would be prejudiced or injured significantly should amendment not be allowed, and ( 4) any other factors which can be used to weigh the equities of the situation.

Under Fifth Circuit precedent, the post-removal joinder of a non-diverse defendant clearly destroys diversity jurisdiction, even if the new defendant is not indispensable.  *See, e.g., Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).   The court in *Cobb* recognized that plain language of 28 U.S.C. §1447(e) does not allow the district court to permit joinder of a non-diverse defendant but then decline to remand the case to state court. *Cobb*, 186 F.3d 677.

There is no indication that plaintiff seeks to add Corporate Green as a defendant in order to destroy diversity.  Plaintiff's original complaint suggests that Hunter Arrighi sustained injuries to his hand as a result of a fall on an uncovered valve/pipe.  It is uncontested that plaintiff learned on April 25, 2008, through the course of discovery that Celebration Station's sprinkler system was maintained by a third party - Corporate Green, and plaintiff first moved to amend his complaint and add Corporate Green as a party on July 15, 2008, which was within the time allow to amend pleadings and add parties.[1]    Plaintiff was not dilatory in discovering the identity of the Corporate Green, nor in filing his motion to amend his complaint. Considering the allegations in both the original complaint and the supplemental and amending

---

[1] Plaintiff's first attempt to amend his complaint was denied due to plaintiff's failure to properly set forth the citizenship particulars for Corporate Green, LLC.  Plaintiff filed his supplemental motion to amend complaint on August 15, 2008.

complaint that Hunter Arrighi's injuries were caused by the uncovered valve/pipe stem and defendants' affirmative defense of third party fault, plaintiff would be prejudiced by a denial of the motion to amend, while the only prejudice the defendant will suffer is returning to state court, where the matter would have remained had the identity of Corporate Green been known at the time of the filing of the state court petition.

Recommendation

For the foregoing reasons,

**IT IS THE RECOMMENDATION** of the court that the plaintiff's supplemental motion for leave to file plaintiff's first supplemental and amending complaint (rec. doc. 41) be **GRANTED** and that this matter be **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on September 10, 2008.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DAVID ARRIGHI, individually and on behalf of his minor child, HUNTER ARRIGHI**

**VERSUS**

**CELEBRATION STATION PROPERTIES, INC., CENTURY SURETY COMPANY, BILL BARBER AND MARIEL ST. MARTIN**

**CIVIL ACTION**

**NUMBER 07-545-JVP-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 10, 2008.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**